714-668-2490                                          03:17:55 p.m.    10-26-2012      2/17

1   MUSICK, PEELER & GARRETT LLP
        ATTORNEYS AT LAW
2       650 TOWN CENTER DRIVE, SUITE 1200
        COSTA MESA, CALIFORNIA 92626-1925
3       TELEPHONE 714-668-2452
        FACSIMILE 714-668-2490

4   Sean P. Flynn (SBN 220184)
    s.flynn@mpglaw.com

5   Attorneys for Defendant
6   I.C. SYSTEMS, INC.

**Filed**

OCT 2 9 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*Fee paid*

*(99)*

7            UNITED STATES DISTRICT COURT

8          NORTHERN DISTRICT OF CALIFORNIA

9

10

11  EUGENE PASQUALE, an individual,

12              Plaintiff,

13      vs.

14  I.C. SYSTEM, INC.,

15              Defendant.

16

CASE No. CV 12-05539

NOTICE OF REMOVAL OF CIVIL
ACTION FROM STATE COURT
TO UNITED STATES DISTRICT
COURT, NORTHERN DISTRICT
OF CALIFORNIA

Action Filed:
Trial Date:        None Set

*HRL*

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

817281.1

BY FAX

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS HEREIN:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(a), Defendant I.C. SYSTEMS, INC. ("Defendant"), hereby removes the above-entitled action from the Superior Court for the State of California in and for the County of Santa Clara, to the United States District Court, Northern District of California, based on the following facts:

1.      On or about September 13, 2012, an action was filed in the Superior Court of the State of California for the County of Santa Clara entitled *Eugene Pasquale v. I.C. System, Inc.*, Case No. 112CV232305 ("the Action"). Copies of the summons and complaint are attached hereto as "Exhibit A."

2.      Plaintiff alleges as one of his causes of action violation of the Rosenthal Fair Debt Collection Practices Act. Thus, this Court has original jurisdiction over this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3.      Defendant filed an Answer on October 26, 2012.

4.      Defendant is not aware of any other actions having taken place in the State Court Action.

5.      Removal is timely pursuant to 28 U.S.C. §1446(b) as Notice of Removal has been filed within thirty days after receipt by the Defendant, who was served on September 26, 2012.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1        For the reasons stated above, Defendant removes the above entitled action

2    now pending in the Superior Court for the County of Santa Clara, Case No.

3    1112CV232305 to the United States District Court for the Northern District of

4    California.

5

6    DATED: October 26, 2012          **MUSICK, PEELER & GARRETT** LLP

7

8

9    By: _____

10                    Sean P. Flynn
                    Attorneys for Defendant I.C. SYSTEMS,
11                    Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

817281.1                                        3
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

817281.1

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

714-668-2490                                    03:18:32 p.m.    10-26-2012        6/17

9/26/12
12:35Pm
AP

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

*(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

2012 SEP 13 P 11: 16

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By _____
L. Talamantes, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

I.C. SYSTEM, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EUGENE PASQUALE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Santa Clara

191 North First Street
San Jose, CA 95113

**CASE NUMBER:** *(Número del Caso):* 112CV232305

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE:
*(Fecha)* SEP 14 2012                    Clerk, by DAVID H. YAMASAKI, *(Secretario)* L. Talamantes, Deputy *(Adjunto)*
                                         Chief Executive Officer

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

    **I.C. SYSTEM, INC.**

3. ☒ on behalf of *(specify):*

    under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 09-26-12

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465
                                                                              www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Todd M. Friedman (216752)
2  Nicholas J. Bontrager (252114)
   Suren N. Weerasuriya (278512)
3  Law Offices of Todd M. Friedman, P.C.
   369 S. Doheny Dr. #415
4  Beverly Hills, CA 90211
   Phone: 877-206-4741
5  Fax: 866-633-0228
6  tfriedman@attorneysforconsumers.com
   nbontrager@attorneysforconsumers.com
7  sweerasuriya@attorneysforconsumers.com
8  Attorney for Plaintiff

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                  FOR THE COUNTY OF SANTA CLARA
                          LIMITED JURISDICTION
11
                                        )   Case No. 112CV232305
12                                      )
                                        )   COMPLAINT FOR VIOLATION
13 EUGENE PASQUALE,                     )    OF ROSENTHAL FAIR DEBT
14                                      )   COLLECTION PRACTICES ACT AND
   Plaintiff,                           )   FEDERAL FAIR DEBT COLLECTION
15                                      )   PRACTICES ACT
16         vs.                          )
                                        )   (Amount not to exceed $10,000)
17 I.C. SYSTEM, INC.                    )
18                                      )     1.  Violation of Rosenthal Fair Debt
   Defendant.                           )         Collection Practices Act
19                                      )     2.  Violation of Fair Debt Collection
                                        )         Practices Act
20                                      )     3.  Violation of Telephone Consumer
21 _____)          Protection Act

22
23                       I. INTRODUCTION
24      1.  This is an action for damages brought by an individual consumer for Defendant's
25 violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.*
26 (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*
27 (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive,
28 deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*, (hereinafter "TCPA").

## II. PARTIES

2.      Plaintiff, Eugene Pasquale ("Plaintiff"), is a natural person residing in Santa Clara county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, Defendant, I.C. System, Inc. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt by calling his cell phone at 408 472-3487.

5.      In or around December 2011, Defendant began contacting Plaintiff on his cell phone, in attempting to collect an outstanding debt that Plaintiff allegedly owed to Wells Fargo. Plaintiff is informed and believes Defendant first called his cell phone on December 29, 2011, at approximately 8:54 a.m. That same day, Plaintiff returned Defendant's call at approximately 9:19 a.m., and gained knowledge as to the debt Defendant was trying to collect; Plaintiff

disputed the debt during this call. However, at approximately 9:42 a.m., and again at 5:21 p.m. on the same day, Defendant called Plaintiff again and left him a recorded voice message.

6.   Further, Plaintiff received calls to his cell phone from 202-367-9027 on the following dates, at the following times: 1) 1/3/2012 at 9:05 a.m.; 2) 01/3/2012 at 9:05 a.m., 2:44 p.m., and 4:34 p.m.; and 4) 1/4/2012 at 8:35 a.m. Plaintiff is informed and believes Defendant may have called him on other days, at other times.

7.   Plaintiff is informed and believes Defendant called him using an automated dialing system.

8.   Plaintiff is informed and believes he did not give Defendant prior express consent to call his cell phone.

9.   Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a)  Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

   b)  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

   c)  Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy. or abuse Plaintiff (§1692d(5));

   d)  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

   e)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

10.  Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

11.    As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL
### FAIR DEBT COLLECTION PRACTICES ACT

12.    Plaintiff reincorporates by reference all of the preceding paragraphs.

13.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;

    B.    Statutory damages for willful and negligent violations;

    C.    Costs and reasonable attorney's fees,

    D.    For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT
### COLLECTION PRACTICES ACT

14.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

Complaint - 4

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

     A.     Actual damages;

     B.     Statutory damages;

     C.     Costs and reasonable attorney's fees; and,

     D.     For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

15.   Plaintiff reincorporates by reference all of the preceding paragraphs.

16.   To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

     A.     Actual damages;

     B.     Statutory damages for willful and negligent violations;

     C.     Costs and reasonable attorney's fees; and

     D.     For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted September 7, 2012.

By: _____
     Todd M. Friedman, Esq.
     Law Offices of Todd M. Friedman, P.C.
     Attorney for Plaintiff

Complaint - 5

714-668-2490                                                03:20:04 p.m.   10-26-2012        12/17

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO: 877-206-4741     FAX NO: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Eugene Pasquale | **(ENDORSED)**<br>**FILED**<br><br>2012 SEP 13  P 11: 16 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME:

CASE NAME:
Eugene Pasquale v. I.C. System , Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited    ☑ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **112CV232305** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Intellectual property (19) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is  ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action (specify): 3
5. This case ☐ is  ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 7, 2012
Todd M. Friedman
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION
CV-5003 REV 6/08

714-668-2490                                                                                    03:21:18 p.m.   10-26-2012        15/17

Extremely Urgent

Page 1 of 1

s Only

ith the conte
ns and conditi
applicable FedE
urrent FedEx S

xpress servic0s
go to fedex.c
ation.

FRI - 28 SEP A1
** 2DAY **

55127
MN-US
MSP

SE FCMA

Ship Date: 26SEP12
ActWgt: 1.0 LB
CAD: 103910089/WSX02500

Delivery Address Bar Code

Ref #
Invoice #
PO #
Dept #

TRK#
0201        7990 6090 3688

FedEx
Express

BILL SENDER

Origin ID: EMTA

From: (213) 337-4615
Gloria
CT - Los Angeles SOP Team
818 West Seventh Street

Los Angeles, CA 90017

SHIP TO: (650) 461-6509
Sue Johnson
I.C. System, Inc.
444 East Highway 96

St. Paul, MN 55127

Arrow

PRESS

RT 343   9
3688   09.28   B02

Extremely Urgent

1                              PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3           At the time of service, I was over 18 years of age and **not a party to this action.** I am
     employed in the County of Orange, State of California. My business address is 650 Town Center
4    Drive, Suite 1200, Costa Mesa, California 92626-1925.

5           On October 26, 2012, I served true copies of the following document(s) described as
     **NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED**
6    **STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA** on the interested
     parties in this action as follows:

7

8                            **SEE ATTACHED SERVICE LIST**

9    ☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
          persons at the addresses listed in the Service List and placed the envelope for collection
10        and mailing, following our ordinary business practices. I am readily familiar with Musick,
          Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing.
11        On the same day that the correspondence is placed for collection and mailing, it is
          deposited in the ordinary course of business with the United States Postal Service, in a
12        sealed envelope with postage fully prepaid.

13   ☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be
          served by means of this Court's electronic transmission of the Notice of Electronic Filing
14        through the Court's transmission facilities, to the parties and/or counsel who are registered
          CM/ECF Users set forth in the service list obtained from this Court.

15          I declare under penalty of perjury under the laws of the United States of America that the
     foregoing is true and correct and that I am employed in the office of a member of the bar of this
16   Court at whose direction the service was made.

17          Executed on October 26, 2012, at Costa Mesa, California.

18

19

20                                            Michele D. Mesaros

21

22

23

24

25

26

27

28

MUSICK, PEELER
& GARRETT LLP     817281.1

ATTORNEYS AT LAW  NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT,
                  NORTHERN DISTRICT OF CALIFORNIA

1
2

**SERVICE LIST**

3

4   Todd M. Friedman                                    *Attorneys for Plaintiff, EUGENE PASQUALE*
    Nicholas J. Bontrager
5   Suren N. Weerasuriya
    Law Offices of Todd M. Friedman, P.C.
6   369 S. Doheny Dr. #415
    Beverly Hills, CA  90211
7   Tel: (877) 206-4741
    Fax: (866) 633-0228
8   tfriedman@attorneysforconsumers.com
    nbontrager@attorneysforconsumers.com
9   sweerasuriya@attorneysforconsumers.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

817281.1

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA